UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------X
AVANT GARDNER, LLC,

                    Plaintiff,

                    v.

MANHATTAN MIRAGE, INC., and LORENZO P ANDERSON A/K/A LP ANDERSON,

                  Defendants.
X------------------------------------------------------------X

Case No.: 1:25-cv-00948-AS-GWG

**[PROPOSED] ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

      This matter comes before the Court by motion filed by Plaintiff Avant Gardner, LLC ("Plaintiff") for the entry of final judgment and permanent injunction by default against Defendants Manhattan Mirage, Inc. and Lorenzo P Anderson a/k/a LP Anderson ("Defendants") for (a) false designation of origin in violation of 15 U.S.C. §1125(a) due to Defendants unauthorized and intentional use of the name "The Manhattan Mirage" (the "Infringing Mark" or "THE MANHATTAN MIRAGE"), *inter alia*, as the name of a venue and as incorporated into the name of its website located at https://www.manhattanmirage.com ("Infringing Domain"),[1] which such names and uses are confusingly similar to Plaintiff's mark "The Brooklyn Mirage" (sometimes referred to herein as "Plaintiff's Mark" or "THE BROOKLYN MIRAGE"), which is used *inter alia* for an area serving as a single or individual event spaces in Brooklyn, a website located at www.avant-gardner.com/the-brooklyn-mirage, and social media handles (including but not limited to @avantgardnerbk. https://www.facebook.com/BrooklynMirage/) and apparel/merchandize; (b) false designation of origin in violation of 15 U.S.C. §1125(d)) based on Defendants' use of the Infringing Mark in the Infringing Domain, which is likely to cause consumers to confusingly believe that Plaintiff is operating

---

[1] Defendants also own and operate social media handles containing variations of the word "Mirage", such as an Instagram account located at https://www.instagram.com/the_mirageny/ (the "Infringing Social Media Account").

1

a venue in Manhattan and that Defendants' services are those of Plaintiff, which has caused harm to Plaintiff's goodwill and reputation; (c) infringement under New York common law for trademark infringement based on Defendants' use of the Infringing Mark; (d) trademark dilution in violation of New York General Business Law 360-I based on Defendants' use of the Infringing Mark in the same manner as Plaintiff uses Plaintiff's Mark, in particular in connection with a venue used to host social events; and (e) New York common law unfair competition as Defendants (i) have infringed upon Plaintiff's Mark with the intent to deceive the public into believing that services offered by Defendants are made by, approved by and sponsored by , or affiliated with Plaintiff; and (ii) Defendants' intended to pass off and palm off Defendants' services as the services of Plaintiff.

Upon having considered all matters in support of Plaintiff's motion for default judgment, containing a request for a permanent injunction and other relief, together with the Declaration of David Marcus, dated May 16, 2025, with exhibits, and Plaintiff's supporting memorandum of law, dated May 16, 2025, as well as arguments and evidence presented by counsel, which are in compliance with  Fed. R. Civ. P. 55.2(b), Local Rule 55.2(b) and Paragraph 7-L of this Court's Individual Practices in Civil Cases, and any opposition thereto,

1. **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that default judgment against defendants Manhattan Mirage, Inc. and Lorenzo P Anderson a/k/a LP Anderson, i.e. Defendants, is entered into on Plaintiff's favor on all claims pled against Defendants in Plaintiff's Complaint.  All allegations in the Complaint, except for Plaintiff's allegations in support of money damages, are deemed sufficiently well-pleaded and are therefore admitted by Defendants.

**Permanent Injunctive Relief**

2. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or

under the direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

    A. directly or indirectly infringing in any manner THE BROOKLYN MIRAGE;

    B. using or authorizing others to use THE MANHATTAN MIRAGE, THE BROOKLYN MIRAGE or any variations, versions, representations or confusingly similar term, name, symbol or device, or any combination thereof, including but not limited to the word "Mirage", in trade or commerce in connection with any goods or services;

    C. utilizing or authorizing others to use the Infringing Domain, the Infringing Social Media Account and registering, trafficking in or using any additional domain names, websites or social media that use or incorporate THE MANHATTAN MIRAGE, THE BROOKLYN MIRAGE and any derivatives thereof, including the term "Mirage", or any colorable imitation thereof; and

    D. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other infringing domain name, website or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of any goods or services for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

### Miscellaneous Relief

4. Any failure by Defendants to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property.

5.  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

IT IS SO ORDERED.

DATED: New York, New York
July 25, 2025

                                              _____
                                              HON. ARUN SUBRAMANIAN, U.S.D.J.
                                              UNITED STATES DISTRICT JUDGE